# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| CONSUMERS INSURANCE USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-03303-CV-S-JTM |
| ) | |
| JAMES RIVER INSURANCE COMPANY, U.S. ) | |
| SPECIALTY INSURANCE COMPANY, and ) | |
| HOUSTON CASUALTY COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On June 26, 2012, plaintiff Consumers Insurance Company filed a COMPLAINT FOR DECLARATORY JUDGMENT [Doc. 1] against defendants James River Insurance Company ("James River"), U.S. Specialty Insurance Company ("U.S. Specialty"), and Houston Casualty Company ("Houston Casualty") seeking a declaratory judgment regarding insurance coverage. Subsequently, the three defendants filed motions to dismiss [Docs. 11 and 14] the COMPLAINT, arguing that:

(1) The named plaintiff "Consumers Insurance Company" lacked capacity to sue and lacked standing depriving the Court of subject matter jurisdiction over the COMPLAINT; and

(2) The COMPLAINT failed to state a claim upon which relief could be granted against the defendants and, thus, should be dismissed under FED. R. CIV. P. 12(b)(6) or, alternatively, a more definite statement should be required.

For the reasons set out herein, the motions to dismiss are denied.

With regard to capacity to sue and standing, the defendants argue that "Consumers Insurance Company" is not a legal entity of any sort (natural person, corporation, limited liability company, general or limited partnership, joint venture, or unincorporated association). As a mere fictitious entity, "Consumers Insurance Company," thus, lacks the ability to maintain an action and lacks the standing to assert a legal matter. *Compare Testa v. Janssen*, 482 F.Supp. 1195, 1200 (W.D. Pa. 1980) (where named "organization" was employed merely to identify a number of separate companies, the named "organization" was not a distinct entity and it lacked the capacity to be sued).

In response, "Consumers Insurance Company" concedes that it is not the real party-in-interest and sought leave of court (and was granted) to file a FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT [Doc. 27] identifying the plaintiff as Consumers Insurance USA, Inc. "an insurance company incorporated in the State of Tennessee and a wholly-owned subsidiary of Consumers Insurance Group, Inc. with its principal place of business in the State of Tennessee." The Federal Rules of Civil Procedure, in relevant part, provide:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

FED. R. CIV. P. 17(a)(3). In light of the filing of the FIRST AMENDED COMPLAINT, as well as the fact that defendants did not oppose the plaintiff's motion to file the amended complaint or substituting the real party in interest, the Court denies the defendants' motions to dismiss to the extent they sought a dismissal for lack of capacity to sue and/or lack of standing.

With regard to the arguments concerning the failure to state a claim, the defendants assert two principle arguments, the COMPLAINT:

2

> (1) failed to allege any of the insurance policies at issue name then-plaintiff "Consumer Insurance Company" as an insured; instead, the pleading alleged that "Consumers Insurance Group, Inc. d/b/a Five Star Insurance Services, Inc." was the insured; and
>
> (2) failed to allege that a claim had been made (and had been made in writing) during the relevant period prescribed under the subject insurance policies.

The Court concludes that the first argument is obviated by the filing of the FIRST AMENDED COMPLAINT.[1]

As to the second argument, the FIRST AMENDED COMPLAINT (as did the original COMPLAINT) alleges:

> Consumers tendered the bad faith cross-claim filed against it to defendants . . . seeking indemnification for such claims and attorney's fees incurred in defending against the claim.

The defendants argue that the failure of the COMPLAINT (and now the FIRST AMENDED COMPLAINT) to allege that the claim for indemnity was made in writing during a term covered by the insurance policies "is fatal, in that written notification . . . of the claim within the policy term (or Extended Reporting Period) is a condition precedent to the maturity of any defense and/or indemnity obligations of [the defendants] under any of the . . . policies."

In response, plaintiff Consumers Insurance USA, Inc., quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103 (1957), argues that the pleadings are adequate because they "give the defendant[s] fair notice of what the . . . claim[s are] and the grounds upon which [they] rest." To a large extent, the Supreme Court's holding in *Conley* has been expressly abrogated by the

---

[1] The insured in the insurance policies is identified as "<u>Consumers Insurance Group, Inc.</u> d/b/a Five Star Insurance Services, Inc." and the plaintiff Consumer Insurance USA, Inc. is identified as "an insurance company incorporated in the State of Tennessee and a wholly-owned subsidiary of <u>Consumers Insurance Group, Inc.</u> with its principal place of business in the State of Tennessee." The defendants have not suggested that plaintiff Consumers Insurance USA, Inc. is an improper party to assert breach of insurance policy claims on behalf of plaintiff Consumers Insurance Group, Inc.

3

Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63, 127 S.Ct. 1955, 1969 (2007). Nonetheless, the law regarding the adequacy of federal pleadings still only requires that:

> The complaint must have a short and plain statement of the claim showing that plaintiff is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Although detailed factual allegations are not necessary, a complaint that contains labels and conclusions, and a formulaic recitation of the elements of a cause of action is not sufficient. A complaint must set forth enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Lee v. Wells Fargo Home Mortgage*, 2011 WL 5025877, op. at *1 (W.D. Mo. Oct. 21, 2011) (*citations and internal punctuation omitted*). Applying this standard, the Court concludes that the FIRST AMENDED COMPLAINT is not susceptible to a dismissal under FED. R. CIV. P. 12(b)(6).

With regard to pleading conditions precedent, the Federal Rules of Civil Procedure provide:

> In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.

FED. R. CIV. P. 9(c). With respect to each of the defendants, the FIRST AMENDED COMPLAINT generally alleges that the claims asserted against the plaintiff "fall within the terms of the insuring agreements," the policies therefore "obligate" the defendants to indemnify, and the defendants thus have "wrongfully denied" coverage. Granted, the plaintiff has not included the standard allegation often seen in insurance litigation to the effect that "all conditions precedent have been met."[2] Nonetheless, the Court concludes that the present pleading (barely, but adequately) states a claim for breach, including satisfaction of conditions precedent.

---

[2] *Compare Johnson v. Geico General Ins. Co.*, 2008 WL 4793616, op. at *2 (S.D. Fla. Nov. 3, 2008) (rejecting a *Twombly* challenge that a Complaint should be dismissed for the plaintiff's failure to comply with a condition precedent because of the clear and unambiguous

4

To be clear, however, the Court is not ruling that the plaintiff did satisfy the conditions precedent of the subject insurance policies, only that the plaintiff's present pleading is adequate to state a claim. The Court is confident that, to the extent there is a material dispute regarding the plaintiff's satisfaction of any conditions precedent for any of the subject insurance policies, appropriate pleadings will be filed with the Court and the matter will be further examined at such time.

Accordingly, it is

**ORDERED** that the ALTERNATIVE MOTIONS OF SEPARATE DEFENDANT JAMES RIVER INSURANCE COMPANY 1) TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT, OR 2) FOR MORE DEFINITE STATEMENT OF COMPLAINT FOR DECLARATORY JUDGMENT, filed August 27, 2012 [Doc. 11] and the MOTION TO DISMISS BY DEFENDANTS U.S. SPECIALTY INSURANCE COMPANY AND HOUSTON CASUALTY COMPANY, filed September 10, 2012 [Doc. 14] are **DENIED**.

 */s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**

---

language of the Complaint that alleges "all conditions precedent" have been performed); *Fitz-Patrick v. Commonwealth Oil Co.*, 285 F.2d 726, 729-30 (5th Cir. 1960) (sufficient to allege that "all conditions precedent have been performed or have occurred"); *Thompson v. Kindred Nursing Ctrs. East, LLC*, 211 F.Supp.2d 1345, 1355 (M.D. Fla.2002) (allegation that "all conditions precedent to the filing of this action have been satisfied or occurred" is sufficient); *Young Women's Christian Association of the National Capital Area, Inc. v. All State Insurance Company of Canada*, 158 F.R.D. 6, 8 (D.D.C. 1994) (in action for recovery under insurance policy, it is unnecessary to plead specific terms, conditions and occurrences which have been performed as long as the complaint alleges all conditions precedent have been performed).